JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00247-JVS-PVC | Date | January 30, 2026 |
| Title | Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Plaintiff's Motion for Default Judgment and Motion for Permanent Injunction [121, 122]**

Before the Court are two motions.  First, Plaintiffs Zinus, Inc. and Zinus USA Inc. (collectively, "Zinus") move for default judgment against Defendants Foshan Aiyi Family Article Co., Ltd. ("Foshan Family"); Foshan Aiyi Household Products Co., Ltd. ("Foshan Household"); Molblly Inc. ("Molblly"); IYEE Nature Inc. ("IYEE Nature"); Anlowo Inc. ("Anlowo"); Beanomy, Inc. ("Beanomy"); Zevoky Inc. ("Zevoky"); and Wakodo Household Supply Inc. ("Wakodo").  (Def. J. Mot., Dkt. No. 121.)  Second, Zinus moves for a permanent injunction against all defendants.  (Perm. Inj. Mot., Dkt. No. 122.)  Both motions are unopposed.

For the following reasons, the Court **GRANTS** both motions.

## I. BACKGROUND

### A.   Factual Background

Unless otherwise stated, the following facts are drawn from the First Amended Complaint ("FAC") and are deemed true for purposes of these motions.  See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Zinus is a mattress manufacturer that primarily sells its products through online platforms like Amazon, Walmart, and Wayfair.  (FAC, Dkt. No. 99 ¶ 4.)  Two of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00247-JVS-PVC          Date   January 30, 2026

Title   Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

competitors in the U.S. market are Foshan Family and Foshan Household (collectively, "Foshan Aiyi"), which are large mattress manufacturers based in Foshan, China.  (Id. ¶¶ 52–53.)  In marketing its mattresses, Foshan Aiyi uses "a variety of brand names," including those of named defendants Molblly, IYEE Nature, and Anlowo.  (Id. ¶ 52.)  Like Zinus, Foshan Aiyi sells its products through Amazon, Walmart, and Wayfair.  (Id. ¶ 7.)

In 2019, the United States began assessing special tariffs and labeling requirements on foreign manufacturers of flammable fabrics, including mattresses.  (Id. ¶¶ 41–51.)  Around early 2023, Foshan Aiyi began a practice of unlawfully "transshipping" its mattresses in order to avoid these tariffs and regulations.  (Id. ¶¶ 7, 56.)  Foshan Aiyi and its brands shipped mattresses from their manufacturing plant in China to intermediaries in South Korea, where mattresses are not subject to these tariffs.  (Id. ¶ 58.)  After arriving in South Korea, importers shipped the mattresses to the United States with the claim that their country of origin is South Korea, thus avoiding any tariffs.  (Id.)  IYEE Nature, Anlowo, Beanomy, Zevoky, and Wakodo (collectively, "Importer Defendants") have all participated in this importation to the United States.  (Id. ¶ 40.)  As a result of this system, Foshan Aiyi and its associates have been able to sell mattresses at "extremely low prices" which "would not be possible if the required antidumping and countervailing duties had been properly paid."  (Id. ¶ 57.)  This practice is ongoing.  (Id. ¶ 185.)

On November 2, 2023, Zinus filed a complaint with United States Customs and Border Protection ("U.S. Customs"), who began an investigation.  (Customs Report, Dkt. No. 99-1 at 2.)  On September 19, 2024, U.S. Customs published a redacted report that largely confirmed the above allegations.  (Id. at 21.)  Consequently, U.S. Customs pledged to "suspend or continue to suspend the liquidation for all entries imported by [Defendants]."  (Id.)

B.      *Procedural Background*

On February 5, 2024, Zinus initiated the present case in federal court seeking damages and other relief.  (Dkt. No. 1.)  After Defendants defaulted, Zinus moved for default judgment, which the Court denied.  (July 9 Order, Dkt. No. 96.)  The Court held that (1) five of the Eitel factors (discussed below) weighed against default judgment, (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-00247-JVS-PVC                    Date    January 30, 2026

Title    Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

Zinus failed to comply with Local Rule 55-1, and (3) Zinus had insufficiently alleged damages.  (Id. at 4–13.)  The Court granted Zinus leave to amend its Complaint and renew its motion for default judgment.  (Id. at 13.)

On September 8, 2025, Zinus filed its FAC.  (See FAC.)  Zinus brings the following seven causes of action:

1.    Violation of the Racketeer Influenced and Corrupt Organizations Act ("Civil RICO") (see FAC ¶¶ 145–76);
2.    Conspiracy to Violate RICO (id. ¶¶ 177–86);
3.    Violation of U.S. Consumer Product Safety Commission ("CPSC") Rules (id. ¶¶ 187–98);
4.    Violation of the Lanham Act's False Designation Provision (id. 199–206);
5.    Violation of the Lanham Act's False Advertising Provision (id. ¶¶ 207–16);
6.    Violation of California's False Advertising Law ("FAL") (id. ¶¶ 217–25);
7.    Violation of California's Unfair Competition Law ("UCL") (id. ¶¶ 226–37).

Zinus seeks $12,011,943 in trebled monetary damages; $243,838.86 in attorneys' fees; $18,590.53 in costs; post-judgment interest; a declaratory judgment; and a permanent injunction.  (Def. J. Mot. at 21, 24.)  On October 14, 2025, the clerk entered default against all named defendants.  (Dkt. Nos. 114–15.)  Two months later, Zinus filed the present motions.  (See Def. J. Mot.; Perm. Inj. Mot.)

**II.  LEGAL STANDARD**

*A.    Default Judgment*

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

1.    Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure.  Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint.  Fed. R. Civ. P. 54(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00247-JVS-PVC                      Date   January 30, 2026

Title   Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form.  Fed. R. Civ. P. 55(a).

In addition, a party seeking a default judgment must meet the requirements of Local Rule 55-1.  To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent person "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).  L.R. 55-1.

2.      Substantive Requirements

The Ninth Circuit has identified seven factors (the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover.  See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages.  See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes, 559 F.2d at 560.  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-00247-JVS-PVC                    Date    January 30, 2026

Title    Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

### B.    *Permanent Injunction*

To obtain a permanent injunction, a plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

## III.  DISCUSSION

### A.    *Default Judgment*

#### 1.    Procedural Requirements

As a threshold matter, Zinus has met all procedural requirements associated with default judgment.  As for the Federal Rules of Civil Procedure, Zinus has obtained an entry of default against all defendants.  In addition, it does not seek relief different than the relief listed in its FAC.  See Fed. R. Civ. P. 54, 55; (FAC at 73–74).

As for Local Rule 55-1, Zinus has submitted a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent person, (4) whether the Servicemembers Civil Relief Act applies, and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required.  (Garratt Decl., Dkt. No 121-3 ¶¶ 4–7.)

#### 2.    Substantive Requirements

##### a.    **First and Sixth Eitel Factors**

In its July 9 Order, the Court held that the First Eitel Factor (Possibility of Prejudice to Plaintiff) and Sixth Eitel Factor (Potential Excusable Neglect by

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00247-JVS-PVC                    Date   January 30, 2026

Title   Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

Defendants) weighed in favor of default judgment.  (July 9 Order at 4, 11.)  To the extent factual circumstances are different here, it only further favors Plaintiff: Zinus has continued competing with Defendants for six additional months without relief, and Defendants have failed to make an appearance for six additional months.

Thus, the First and Sixth Eitel factors weigh in favor of default judgment.

### b.      Second and Third Eitel Factors: Sufficiency of Claims

#### i.      RICO Claims

Zinus brings claims of both RICO and RICO conspiracy.  (FAC ¶¶ 145–86.)  Under 18 U.S.C. § 1962(c), "[t]he elements of a civil RICO claim are as follows: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" Living Designs, Inc. v. Dupont de Nermours and Co., 431 F.3d 353, 361 (9th Cir. 2005) (quoting Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996)).  It is similarly unlawful to conspire to commit these prohibited activities.  18 U.S.C. § 1962(d).  RICO claims are governed by the heightened pleading standard of Rule 9(b).  See Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 ("We have applied the particularity requirements of rule 9(b) to RICO claims.")  The Court addresses each of the RICO elements in turn.

#### (1)      Conduct of an Enterprise

"[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same "person" referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001).  Under the statute, an "enterprise" can be "any union or group of individuals associated in fact . . . ."  18 U.S.C. § 1961(4).

Here, Zinus alleges both a "person" and an "enterprise."  Each of the eight named defendants qualifies as a "person" under the statute.  See id. § 1961(3) ("'[P]erson' includes any individual or entity capable of holding a legal or beneficial interest in property[.]")  In addition, Zinus adequately alleges an association-in-fact among all eight

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-00247-JVS-PVC                    Date    January 30, 2026

Title    Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

defendants.  The FAC describes in detail that Defendants shared a common purpose of "importing China-produced mattresses into the U.S. in circumvention of applicable anti-dumping and countervailing duties that permit their sale at below market prices." (FAC ¶ 150.)  It also alleges the role that each member played: Foshan Aiyi manufactured the mattresses (id. ¶¶ 5–8, 32–33); IYEE Nature, Anlowo, Beanomy, Zevoky, and Wakodo facilitated their importation (id. ¶¶ 17–18, 21, 34–40); and all parties promoted the mislabeling (id. ¶¶ 151–52).  In its July 9 Order, the Court expressed concern that Zinus's original complaint suffered from a "lack of specificity regarding each Defendant," such that it was "questionable" whether each Defendant "was a knowing participate in the scheme and acted with specific intent to defraud." (July 9 Order at 7.)  The FAC addresses those concerns through individualized allegations as to each Importer Defendant.  (See FAC ¶¶ 151–76.)

This element is adequately alleged.

(2)    Pattern of Racketeering Activity

The predicate acts that form a RICO conspiracy are outlined in detail in Section 1961(1).  See 18 U.S.C. § 1961(1).  Two of these acts are mail and wire fraud, both of which Zinus alleges in its FAC.  Id.; (FAC ¶ 172).  To state a claim for mail or wire fraud, a "plaintiff must show (1) a scheme to defraud, (2) the use of either the mail or wire, radio, or television to further the scheme, and (3) the specific intent to defraud.'" RJ v. Cigna Health and Life Ins. Co., 625 F. Supp. 3d 951, 961 (N.D. Cal. 2022) (quoting United States v. Brugnara, 856 F.3d 1198, 1207 (9th Cir. 2017)).  Each of these elements is satisfied.  Zinus alleges a scheme to defraud, which is explained in detail supra, Section I.A.  It alleges a use of mail: importing "mislabeled mattresses using commercial shipping carriers." (FAC ¶ 172.)  It alleges a use of telecommunications: Defendants employed "wires to create and transmit the false importation papers and arrange for [their] shipping and transportation . . . ." (Id. ¶ 170.)  Finally, Zinus alleges specific intent.  (Id. ¶¶ 167–68, 196); see Fed. R. Civ. P. 9(b) ("[I]ntent . . . may be alleged generally.").

In addition, Zinus alleges a pattern.  "At a minimum, a 'pattern' requires that the predicate criminal acts be 'related' and 'continuous.'" Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995).  For each shipment, Defendants' system of avoiding tariffs

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00247-JVS-PVC                     Date   January 30, 2026

Title   Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

follows the same playbook: (1) manufacture the mislabeled mattresses in China, (2) send the mislabeled mattresses to South Korea, and (3) import the mislabeled mattresses to the United States.  Moreover, as described above, this is an "ongoing scheme."  (FAC ¶ 185.)  These alleged, coordinated acts are both related and continuous.

The failure of Zinus to allege a "pattern of racketeering activity" was a key impetus behind the Court's denial of Zinus's previous motion for default judgment. (July 9 Order at 6.)  The FAC does not suffer from these deficiencies; both the FAC and its attachments spell out Defendants' individual actions in great detail.  For example, the July 9 Order held that Zinus "merely allege[d] an existence of a scheme based on circumstantial evidence and has no knowledge of whether Defendants, such as IYEE, have in fact paid the import duties."  (Id.)  This time, Zinus points to specific sections of the U.S. Customs Report, including conclusions by U.S. Customs that affirmatively state that Anlowo, Beanomy, IYEE Nature, Wakodo, and Zevoky did not pay the requisite tariffs.  (Customs Report at 14–19.)  Without the benefit of discovery, it is hard to imagine how much more specific Zinus could be.

This element is adequately alleged.

### (3)   Injury

Zinus has alleged "stolen sales" and a general loss of market share as a result of Defendants' actions.  (FAC ¶¶ 1, 12, 19, 45, 141, 143.)  This satisfies the injury requirement.  See Obesity Rsch. Inst. v. Fiber Rsch. Int'l, LLC, 165 F. Supp. 3d 937, 948 (S.D. Cal. 2016) ("Courts have also found 'lost sales, revenue, market share, and asset value' sufficient to allege an economic injury." (citing another case)).

### (4)   Conclusion

Zinus adequately alleges each element of a RICO violation.  As a result, it has necessarily stated a claim for RICO conspiracy as well.  See Waldrup v. Countrywide Fin. Corp., 2015 WL 93363, at *8 (C.D. Cal. Jan. 5, 2025) ("Because the Court finds that plaintiff has adequately pled her substantive RICO claim under 18 U.S.C. § 1962(c), the Court also finds that plaintiff has adequately pled her derivative claim for conspiracy to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00247-JVS-PVC                    Date   January 30, 2026

Title   Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

violate RICO pursuant to § 1962(d).").  Accordingly, the Second and Third Eitel Factors favor Zinus with respect to its RICO claims.

### ii.   Consumer Product Safety Act

Zinus's third claim falls under the federal Consumer Product Safety Act.  (FAC ¶¶ 187–98.)  Under 15 U.S.C. § 2072(a), a plaintiff "may sue any person who knowingly" violated a consumer product safety rule.  One of these rules is the requirement that imported mattresses include the "complete address of the foreign manufacturer, including country . . . ."  16 C.F.R. § 1633.12(a)(2)(ii).  The FAC alleges that Defendants have engaged in a pattern of affixing labels that claim to be "Made in Korea" when the mattresses were in fact made in China; Zinus even attaches several examples of these labels.  (FAC ¶¶ 61–70.)  Previously, the Court expressed concern that "Zinus fail[ed] to allege the intent element sufficiently."  (July 9 Order at 8.)  For the reasons discussed supra (Section III.A.2.b.i.2) regarding intent, the FAC adequately alleges intent under Section 2072 as well.

Thus, the Second and Third Eitel Factors favor Zinus with respect to its consumer product safety claims.

### iii.   Lanham Act and False Advertising Claims

Next, Zinus brings three claims related to false advertising: two violations of the federal Lanham Act and a violation of California's FAL.  (FAC ¶¶ 199–225.)  These claims are against all defendants except Beanomy and Wakodo.  (Id.)  The Lanham Act imposes civil liability on companies who "use[] in commerce any word" or "false destination of origin" that "is likely . . . to deceive . . . as to the origin" of a product.  15 U.S.C. § 1125(a)(1)(A).  It also imposes liability for advertising that "misrepresents the . . . geographic origin" of the product."  Id. § 1125(a)(1)(B).  For the reasons discussed supra, Zinus has sufficiently alleged that Defendants' mattress labels misrepresent the origin of their product.

"The required elements for a false advertising claim under Cal. Bus. & Prof. Code § 17500 are: (1) An untrue or misleading statement; (2) Which is known, or reasonably should be known, to be untrue or misleading; and (3) Is made to dispose of goods,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-00247-JVS-PVC                    Date    January 30, 2026

Title       Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

perform services, or induce obligations." Arakelian v. Mercedes-Benz USA, LLC, 2018 WL 6422649, at *4 (C.D. Cal. June 4, 2018); see Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008) ("The false advertising law prohibits any unfair, deceptive, or misleading advertising." (internal quotation marks omitted)). Zinus has met these requirements as well. It has alleged that Defendants (1) falsely labeled the country of origin on their mattresses, (2) did so intentionally to avoid tariffs, and (3) did so in the course of disposing of products.

In sum, the Second and Third Eitel Factors favor Zinus with respect to its advertising claims.

### iv.       California's Unfair Competition Law

Zinus's final claim falls under California's UCL. (FAC ¶¶ 226–37.) To state a claim under the UCL, a plaintiff must allege injury from a defendant's action that was either (1) unlawful, (2) unfair, or (3) fraudulent. See Cal. Bus. & Prof. Code § 17200 et. seq.; see also Cel-Tech Comm's, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) ("Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as unfair or deceptive even if not unlawful and vice versa." (internal quotation marks omitted)). For the reasons described above, Zinus has alleges activity that is unlawful, unfair, and fraudulent.

The Second and Third Eitel Factors favor Zinus with respect to its UCL claims.

### v.       Conclusion

Zinus sufficiently alleges all seven of its causes of action. As a result, the Second and Third Eitel Factors favor Zinus as to all claims.

### c.       Fourth Eitel Factor: Sum of Money at Stake

In evaluating Eitel's "sum of money at stake" factor, courts consider the amount "in relation to the seriousness of Defendant's conduct." PepsiCo, 238 F. Supp. 2d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00247-JVS-PVC | Date | January 30, 2026 |
| Title | Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al | | |

1176.  The goal is to ensure that "the recovery sought is proportional to the harm caused by defendant's conduct."  Landstar Ranger, Inc. v. Parth Ents., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).  Several courts in this Circuit have noted that "[w]hen the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged."  Bd. of Trs. v. Core Concrete Const., Inc., 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), report and recommendation adopted, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012); see also Operating Eng'rs Health & Welfare Tr. Fund for N. California v. Kino Aggregates, Inc., 2017 WL 743658, at *4 (N.D. Cal. Jan. 30, 2017), report and recommendation adopted, 2017 WL 733092 (N.D. Cal. Feb. 24, 2017) (quoting the same); Bd. of Trs. of Laborers Health & Welfare Tr. Fund for N. California v. CEM Builders, Inc.,2018 WL 5981846, at *2 (N.D. Cal. Nov. 14, 2018) (quoting the same).

The Court first addresses this factor as it relates to Zinus's requested declaratory and injunctive relief.  When "Plaintiffs are not seeking monetary damages," but "injunctive relief," then the fourth Eitel factor "favors granting default judgment."  PepsiCo, 238 F. Supp. 2d at 1177.  Thus, this factor favors Zinus as to the equitable relief it seeks.

Zinus's requested monetary damages are more challenging.  The amount of money at stake in this case exceeds $12 million—a figure that is unavoidably substantial.[1]  Courts usually hold that damages of this magnitude weigh against default judgment.  See uSens, Inc. v. Chongqing Junma New Energy Auto. Co., 2022 WL 410938, at *2 (N.D.

---

[1] Zinus argues that "[t]he fourth Eitel factor should focus on damages pre-trebling" because "the concept of testing for proportionality is inapplicable to multiplication of damages as is mechanically required by statute."  (Def. J. Mot. at 20 n.3.)  In other words, Zinus wishes this Court to evaluate the fourth Eitel factor under its $4,003,981 in lost profits (actual damages) rather than the $12,011,943 in total damages it seeks.  (Id. at 20, 24.)  The Court disagrees.  To start, the Court is not aware of any case law that directly supports this position, and Zinus cites none.  Moreover, the deliberately broad language of "the sum of money at stake" rather than something more restrictive like "the damages that Plaintiff suffers" leads this Court to believe that damages should be evaluated after trebling.  Eitel, 782 F.2d at 1471.  Indeed, the Eitel factors are designed to reasonably protect unresponsive defendants, and it makes no difference to a defendant whether the source of their damages are those actually suffered or those mandated by statute.  In any case, $4 million in damages is also a substantial number.  Eitel itself held that a plaintiff seeking $3 million in damages—albeit in 1986—supported the district court's decision to deny default judgment.  782 F.2d at 1472.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00247-JVS-PVC                    Date   January 30, 2026

Title      Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

Cal. Feb. 10, 2022) (fourth Eitel factor weighed against Plaintiff when it sought $12.3 million); B.G. by & through St. John v. Stanley Steemer Int'l, Inc., 2025 WL 1837723 (W.D. Wash. July 3, 2025) (same, but Plaintiff sought $5.8 million); Kaur v. Singh, 2015 WL 5330294, at *4 (E.D. Cal. Sept. 10, 2015) (same, but Plaintiff sought $3 million); Taylor v. Nair, 2014 WL 2639656, at *3 (D. Ariz. June 13, 2014) (same, but Plaintiff sought $1.5 million).

At the same time, Zinus submits compelling evidence that it has suffered at least seven figures of damages, even if not eight figures. (See infra, Section III.A.3.b.) In addition, Defendants' scheme to avoid tariffs through fraud involves severe misconduct. In the context of the larger default judgment test, "[c]ourts balance the amount of damages against the other Eitel factors." Khraibut v. Chahal, 2021 WL 1164940, at *15 (N.D. Cal. March 26, 2021) (citing Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010)). Even with the fourth Eitel factor weighing against a plaintiff, courts have granted default judgment in cases that involve millions of dollars in damages or greater. See uSens, 2022 WL 410938, at *2; Stanley Steemer, 2025 WL 1837723, at *5; Khraibut, 2021 WL 1164940, at *16.

Ultimately, the sum of money at stake weighs against Zinus, but it does not defeat default judgment.

### d.      Fifth Eitel Factor: Possibility of Dispute

"Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." PepsiCo, 238 F. Supp. 2d at 1175. In light of the Court's conclusion that each of Zinus's causes of action are well-pleaded (see Section III.A.2.b), this factor favors Zinus.

### e.      Seventh Eitel Factor: Policy Favoring Decision on the Merits

"Although, cases should be decided upon their merits whenever reasonably possible, Rule 55(a) allows a court to decide a case before the merits are heard if

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00247-JVS-PVC | Date | January 30, 2026 |
| Title | Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al | | |

defendant fails to appear and defend." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012) (internal citations and quotation marks omitted). This case has been active since February 2024 and Defendants have been served on multiple occasions, but no defendant has appeared. Consequently, this factor favors Zinus.

### f.     Conclusion

Six of the seven Eitel factors favor Zinus. Accordingly, the Court **GRANTS** its Motion for Default Judgment.

### 3.     Remedies

With the question of liability resolved, the Court turns to the damages that Zinus seeks. In total, it requests the following:

- A declaratory judgment;
- $12,011,943 in trebled monetary damages, based on a calculation of $4,003,981 in actual damages;
- $243,838.86 in attorneys' fees;
- $18,590.53 in costs;
- Post-judgment interest; and
- A permanent injunction.

(Def. J. Mot. at 24.) With the exception of the permanent injunction, the Court discusses each of those remedies here.

### a.     Declaratory Judgment

A court's decision to "issu[e] a declaratory judgment is discretionary." Our Children's Earth Found. v. Nat'l Marine Fisheries Serv., 85 F. Supp. 2d 1074, 1090 (N.D. Cal. 2015) (citing Olagues v. Russoniello, 770 F.2d 791, 803 (9th Cir. 1985)). In weighing this decision, the Court is cognizant that "[a] court declaration delineates important rights and responsibilities and can be 'a message not only to the parties but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-00247-JVS-PVC          Date    January 30, 2026

Title       Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

also to the public and has significant educational and lasting importance.'" Nat. Res. Def. Council, Inc. v. E.P.A., 966 F.2d 1292, 1299 (9th Cir. 1992) (citing Bilbrey by Bilbrey v. Brown, 738 F.2d 1462, 1471 (9th Cir. 1984)).

Here, the Court is persuaded to exercise its discretion and enter a declaratory judgment that Defendants are liable for the conduct alleged in the FAC. Zinus is not the only member of the mattress industry, and the entire market is impacted when a seller offers lower prices through unlawful means. To the extent Defendants' other competitors may be impacted by their scheme, this judgment may serve as "a meaningful guidepost" as they seek relief. (Def. J. Mot. at 22.) Accordingly, declaratory relief is appropriate.

### b.    Monetary Damages

As is frequently the case, the question of monetary damages is more complicated. "As a general rule, damages which result from a tort must be established with reasonable certainty." Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1407 (9th Cir. 1993). Importantly, reasonable certainty does not require "absolute exactness"; rather, "a reasonable basis for computation must exist." Id. (citing Eastman Kodak Co. v. S. Photo Materials Co., 273 U.S. 359, 379 (1927)). Courts are amenable to "less precise estimates of damages where a defendant frustrates the discovery of a precise amount by defaulting in the action." Wecosign, 845 F. Supp. 2d at 1084.

In deciding Zinus's previous motion for default judgment, the Court was unsatisfied with its calculation of damages, finding "an evidentiary hearing would have been necessary." (July 9 Order at 12.) However, it noted that "solid showings by declarations may suffice for future motions for default judgment." (Id.) To address this concern, Zinus hired an expert witness—applied economist Michael Buchanan ("Mr. Buchanan")—to submit a declaration as to Zinus's damages. (Buchanan Decl., Dkt. No. 124 ¶ 1.) Mr. Buchanan used a complex statistical model to forecast Zinus's sales from June 2023 to August 2025 in a context *without* Defendants' interference, then compared it to Zinus's actual sales. (Id. ¶ 15.) In total, the difference in projected sales was $18,199,915, which represents lost profits of $4,003,981. (Id. ¶¶ 16, 18.) The Court views Mr. Buchanan's calculations as "a reasonable basis for computation," and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-00247-JVS-PVC                    Date    January 30, 2026

Title    Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

certainly a more precise method than that employed in Zinus's first motion for default judgment.  Lindy Pen, 982 F.2d at 1407.  As a result, the $4,003,981 figure of actual damages is sufficiently proven without need for an evidentiary hearing.

As Zinus points out, the civil RICO statute requires that this Court award "threefold the damages [Plaintiff] sustains" when a defendant is liable under RICO.  18 U.S.C. § 1964(c).  Accordingly, Zinus's request for monetary damages of $12,011,943 is appropriate.

### c.    Attorneys' Fees

Zinus is entitled to a "reasonable attorney's fee" under both its RICO and CPSC claims.  See id.; 15 U.S.C. § 2072(a).  Under Local Rule 55-3, this figure is $5,600 plus two percent of the monetary damages awarded over $100,000.  Accordingly, an award of $243,838.86 is appropriate.

### d.    Costs

As a prevailing party, Zinus is also entitled to costs, including "reasonable expert witnesses' fees[.]"  15 U.S.C. § 2072(a); United States v. Imperial Irrigation Dist., 595 F.2d 525, 532 (9th Cir. 1979) ("[T]he parties should be allowed costs in the case in which they prevailed.").  The Court is satisfied that Zinus's requested costs of $18,590.53 were necessary and reasonable for the litigation of this matter.  (Garratt Decl. ¶ 9.)

### e.    Post-Judgment Interest

Zinus is also entitled to the post-judgment interest it requests.  See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

### f.    Conclusion

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00247-JVS-PVC                    Date   January 30, 2026

Title      Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

Based on the foregoing, the Court **GRANTS** Zinus's request for a declaratory judgment, monetary damages, attorneys' fees, and costs. Defendants' liability is joint and several.

B.      *Permanent Injunction*

The Court likewise concludes that it is appropriate to permanently enjoin Defendants from continuing their tariff-avoidance scheme. Specifically, the Court finds that each of the eBay elements is satisfied. See 547 U.S. at 391.

First, Zinus demonstrates an irreparable harm for which monetary damages would be inadequate compensation. As discussed above, Defendants' practices are ongoing. While the monetary damages granted here may make Zinus whole for the period between June 2023 and August 2025, they do not remedy profit losses Zinus suffered after August 2025. Cf. BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp., 723 F. Supp. 3d 973, 989 (D. Nev. 2024) ("[R]emedies at law (including monetary damages) are inadequate to compensate Plaintiff for the ongoing damage it will suffer if the infringement is allowed to continue.").

Second, the balance of hardships favors Zinus. To the extent Defendants would suffer harm from this ruling, it would result from the cessation of their illegal practices. Cf. Facebook, Inc. v. Sahinturk, 2022 WL 1304471, at *11 (N.D. Cal. May 2, 2022) ("[T]he only apparent hardship to [defendant] is ceasing the unlawful conduct, which is not a hardship for purposes of permanent injunction analysis."). Conversely, Zinus has suffered significant financial harm as a competitor.

Finally, the public interest also favors Zinus. Consumer product regulations are promulgated for the benefit of the public, as are statutes that prohibit fraudulent or unfair conduct. It is in the public interest to further the objectives of the statutes and regulations at issue here.

Accordingly, the Court **GRANTS** Zinus's Motion for a Permanent Injunction.

**IV. CONCLUSION**

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00247-JVS-PVC                     Date   January 30, 2026

Title   Zinus, Inc. et al v. Foshan Aiyi Family Article Co., Ltd. et al

For the foregoing reasons, the Court **GRANTS** both motions.

**IT IS SO ORDERED.**

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the February 2, 2026, hearing.